

FILED
JAMES J. VILT, JR. - CLERK

MAY 31 2022

5:22-cv-70-TBR

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

◇AO 241
(Rev. 10/07)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: WESTERN | |
|---|---|---|
| Name (under which you were convicted): BRADLEY TYSON MORRIS | | Docket or Case No.: 2018-CR-00058 |
| Place of Confinement : EASTERN KY. CORRECTIONAL COMPLEX, 200 ROAD TO JUSTICE, WEST LIBERTY, KY 41472 | | Prisoner No.: 188310 |
| Petitioner (include the name under which you were convicted) BRADLEY TYSON MORRIS | v. | Respondent (authorized person having custody of petitioner) DAVID GREEN, Warden |
| The Attorney General of the State of KENTUCKY | | |

**PETITION**

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

    Graves Circuit Court
    100 E. Broadway, Ste.1
    Mayfield, KY 42066-2329

    (b) Criminal docket or case number (if you know):
    2018-CR-00058

2.    (a) Date of the judgment of conviction (if you know):
    09/12/2019
    (b) Date of sentencing:
    10/14/2019

3.    Length of sentence:
    70 yrs

4.    In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:
    1st degree assault w/PFO enhancement;
    1st degree burglary w/PFO enhancement;
    Convicted felon w/handgun;
    Tampering w/physical evidence w/PFO enhancement;
    2nd degree PFO

6.    (a) What was your plea? (Check one)

    ☒ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty               ☐ (4)   Insanity plea

AO 241
(Rev. 10/07)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☒ᴋ  Jury    ☐  Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☒ᴋ  Yes    ☐  No

8.    Did you appeal from the judgment of conviction?

    ☒ᴋ  Yes    ☐  No

9.    If you did appeal, answer the following:

(a) Name of court:  KENTUCKY SUPREME COURT

(b) Docket or case number (if you know):  2019-SC-000606

(c) Result:  affirmed in part, reversed in part and remanded.

(d) Date of result (if you know):  03/25/2021

(e) Citation to the case (if you know):  2021 Ky. unplub. LEXIS 24

(f) Grounds raised:  Prosecutor did not provide witness statement of two surprise witness before trial; trial court erred by failing to direct a verdict to aquittal on tampering charge;no sufficient evidence of serious physical injury to support conviction for 1st degree assault; jury was given inaccurate, prejudicial information about Morriss' past record in violation of KRS 532.055; inadimssible hearsay improperly bolsteredcredibility of key prosecution witnesses;and, prosecutor engaged in an unwarranted denigration of defense counsel and her tactics.

(g) Did you seek further review by a higher state court?  ☐ Yes  ☒x No

    If yes, answer the following:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Result:

    (4) Date of result (if you know):

AO 241
(Rev. 10/07)

Page 3

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?        ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?        ☐ Yes    ☒ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐    Yes    ☐    No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐    Yes    ☐  No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes      ☐   No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:      ☐   Yes      ☐   No

(2)  Second petition:   ☐   Yes      ☐   No

(3)  Third petition:      ☐   Yes      ☐   No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**  Kentucky Supreme Court erred when it denied Morris' claim of discovery violation.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached page 6-A, 6-B and 6-C.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 10/07)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☒ Yes        No

(2) If you did not raise this issue in your direct appeal, explain why:


(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition?        ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?        ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

GROUND ONE:

Despite Morris' counsel's repeated requests, the prosecutor did not provide witness statements of two suprise witnesses prior to trial.

The day before trial, the trial court heard Morris' counsel's discovery motion.  It was counsel's way of making sure she got everything she asked for. She had emailed with two assistants. She reminded them about getting witness statements 48 hours before trial and emailed back and forth about those statements. The prosecutor said he thought she had everything to which she was entitled.  Morris' counsel reiterated she followed up with the assistants about getting witness statements 48 hours before trial.

During voir dire, the prosecutor informed the jury panel who the Commonwealth would call as witnesses.  Morris' counsel objected because one witness, Donnie Morris, was not on the list of witnesses Commonwealth had subpoenaed nor had the prosecutor provided a statement of what he would say.  The prosecutor responded that an officer's (Adams) bodycam captured a phone conversation the officer had with Donnie Morris.  The prosecutor turned the bodycam over in discovery.  The defense pointed out that Morris' end of the conversation could not be heard at all, only Adams.  The prosecutor admitted the defense asked for witness statements within 48 hours of the trial under the Rule and the trial court took it under advisement.

Defense counsel renewed her objection when the prosecutor called Donnie Morris to testify.  Defense counsel stated on Thursday

of the prior week she requested statements of any witnesses the prosecution would call at least 48 hours in advance.  Yet she was given nothing about statements Donnie Morris made to law enforcement or the prosecutor.  The defense was left in the dark and had no information about what Morris would say so the defense could not prepare to cross-examine him.  The prosecutor again relied on the fact that Officer Adams could be heard on his bodycam video talking to a man who turned out to be Donnie Morris and asking for what he asserts is Bradley Morris' phone number.  However, what Morris said is unknown.  The defense needed to know the substanse of his statements to prepare a defense.  The information shouldhave been in a police report.  The defense was blindsided.  The trial court held this was not what the Rule was about and overruled the object-iOn and the Kentucky Supreme Court agreed.

To that end, Donnie Morris testified that  he received a call from someone he was not sure was his cousin Bradley but thought might be.  The number that came up on Morris' phone matched the number of Charles Cavitt who testified a young man in a blue hoodie came in and borrowed his cell phone.

Later in the trial, the defense objected when the prosecutor called Charles Kirk in its case in-chief.  The defense told the court, and the prosecutor admitted, the commonwealth never told the defense about this witness nor what he would say.  The prosecutor said he was an employee at the Garden Apartments where Mr. Cavitt lived and would testify whether there was surveillance available at the apartments.  The prosecutor alleged the witness was

being called because the defense had made an issue about the
thoroughness of the police investigation.  Defense counsel respond-
ed she never brought up whether there was video because she knew
there was not.  Defense counsel argued Clark should not be allowed
to testify.  The allegation was he was subpoenaed more than 48
hours ago but the prosecution never disclosed him.  The trial court
allowed him to testify.

Charles Kirk said he worked as the maintenance guy at the
Mayfield Garden Apartments.  They installed surveillance cameras
about six months before December, 2017.  However, no surveillance
cameras captured the activity at 608 Oak Cove.

After he testified, the prosecutor clarifief Clark had not
been subpoenaed 48 hours before trial but rather before he
testified.

AO 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

GROUND TWO:    Kentucky Supreme Court erred when it found sufficient
               evidevce of serious physical injury to support a con-
               viction for 1st degree assualt through victim testimony, alone

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached page 7-A.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

       (1) If you appealed from the judgment of conviction, did you raise this issue?      ☒ X Yes      ☐    No

       (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

       (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

              ☐    Yes      ☐    No

       (2) If your answer to Question (d)(1) is "Yes," state:

       Type of motion or petition:

       Name and location of the court where the motion or petition was filed:

       Docket or case number (if you know):

       Date of the court's decision:

7-A

GROUND TWO:

Kscey Bouland was shot three times.  A bullet hit her in her
left calf.  She turned and ran inside the apartment.  She said the
man ran after her.  She was shot in the upper arm.  Then she went
inside the bathroom.  He fired through the door and one shot hit
her right knee.  She was taken by EMS to the hospital then flown
to Vanderbilt Hospital and was released after four days.  She said
the bullet wounds burned really bad.  She showed the jury where
the bullets entered.  She had a scar on her calf and perhaps her
knee.  The bullets struck no bones or organs.  Her gait was not
affected.  The prosecution introduced no medical evidence about
her injuries.

Bradley Morris was convicted of assault first degree for caus-
ing serious physical injury with a handgun.

✎AO 241
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available):

·(3) Did you receive a hearing on your motion or petition?                                   ☐   Yes      ☐   No

(4) Did you appeal from the denial of your motion or petition?                          ☐   Yes      ☐   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐   Yes      ☐   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 10/07)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:   Cirris Hatfield & Wesley Boyarski, 607 South
                              Six Street, Murray, KY 42071

(b) At arraignment and plea:  Same

(c) At trial:   Same

(d) At sentencing:  Same

(e) On appeal:   Jennifer Wade & Katheen K. Schmidt, DPA, 5 Mill Creek
                 Park, Section 100, Frankfort, KY  40602

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?        ☐ Yes      ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?         ☒ Yes      ☐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This institution and its inmates were placed on COVID restrictions from
January 2022, until March 2022.  During this peroid the Petitioner had no
access to the inmate law library and was unable to finish his petition
in a timely manner.  This can be verified by contacting this institution

AO 241
(Rev. 10/07)

at:

        Department of Corrections
        Eastern Kentucky Correctional Complex
        200 Road to Justice              .
        West Liberty, Kentucky   41472

        Phone:   (606) 743-2800

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

Page 15

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

(New) fair trial.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for
Writ of Habeas Corpus was placed in the prison mailing system on    5-16-2022   (month, date, year).

Executed (signed) on    5-16-2022   (date).

Bradley Tyson Morris #188310
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.